[Cite as *State v. Caccamo*, 2016-Ohio-3006.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-048** |
| JASON V. CACCAMO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000394.

Judgment: Reversed and remanded.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Anna Markovich*, 18975 Villaview Road, Suite 3, Cleveland, OH 44119 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Jason V. Caccamo, appeals the trial court's determination of his jail-time credit, as set forth in the sentencing judgment issued after the revocation of his community control sanctions. He asserts that he is entitled to additional credit because the trial court failed to consider the days he was incarcerated in another county jail on a detainer. For the following reasons, we reverse the trial court's calculation.

{¶2} In November 2012, appellant pleaded guilty to seven charges of identity

theft in the Lake County Court of Common Pleas. As a result of variations in the amount of funds stolen, four charges were fourth-degree felonies, while the remaining three were fifth-degree felonies. After accepting the guilty plea and holding a separate sentencing hearing, the trial court sentenced appellant to two years of community control. In placing him under the supervision of the adult probation department, the court ordered appellant to abide by all laws and comply with all conditions imposed by the department. Additionally, the trial court imposed 150 days in the Lake County Jail and restitution to the five victims of the crimes.

{¶3} After serving approximately one year of the community control sanctions, appellant was arrested in Cuyahoga County and charged with passing bad checks, a fifth-degree felony. Beginning January 17, 2014, he was held in the Cuyahoga County Jail until March 4, 2014, at which time the Cuyahoga County Court of Common Pleas accepted his guilty plea to the new charge and sentenced him to eight months in prison. At some point after March 4, 2014, appellant was transferred from the Cuyahoga County Jail to the Lorain County Correctional Institution, where he began to serve the eight-month term.

{¶4} On January 22, 2014, the Lake County probation department caused an arrest warrant to be issued against appellant. However, this warrant was not executed until April 22, 2014, following appellant's transfer to the state prison. In conjunction with the warrant, the state moved the trial court to terminate the community control sanctions on the basis that appellant had violated the terms of his release. In addition to asserting that appellant had committed a new criminal offense, the motion further alleged that he had changed his residence without informing his probation officer.

{¶5} On March 22, 2014, the trial court set the motion to terminate for hearing

2

on April 24, 2014. The trial court also ordered the county sheriff to convey appellant from the state prison to Lake County for the hearing. Appellant was conveyed to Lake County on April 22, 2014, two days before the scheduled hearing. That proceeding did not take place, though, as appellant waived his right to a probable cause hearing. The matter was then scheduled for a final hearing on May 12, 2014.

{¶6} At the outset of that hearing, appellant pleaded guilty to violating the terms of his community control sanctions, consistent with the two grounds set forth in the state's motion. Upon accepting the guilty plea, the trial court granted the motion to terminate, and the case immediately proceeded to sentencing. As part of its oral argument, the state argued that appellant was entitled to 33 days of jail-time credit. According to the state, this amount consisted of 12 days he was held in 2012 prior to pleading guilty to the seven identity fraud charges and 21 days he was held in the county jail between his conveyance from the state prison and the date of the final hearing. Appellant did not object.

{¶7} For appellant's sentence, the trial court imposed an aggregate prison term of 26 months on the seven charges, to be served concurrently with the eight-month term in the Cuyahoga County case. The trial court also adopted the state's recommendation on appellant's jail-time credit, granting 33 days for time served.

{¶8} Almost one year after the sentencing judgment was rendered, appellant moved this court for leave to submit a delayed appeal from that judgment. We granted the motion for leave and allowed the appeal to go forward. He raises one assignment of error for review:

{¶9} "The trial court's sentence imposed on appellant for violating community control was erroneous because the trial court incorrectly calculated jail-time credit."

{¶10} In challenging the trial court's jail-time credit calculation, appellant asserts two issues for consideration. First, he claims that he is entitled to credit for the majority of the period he was held in the Cuyahoga County Jail and the state prison before being transported back to Lake County on April 22, 2014. Specifically, he argues that, even if the days in question were deducted from his eight-month prison term on the Cuyahoga County charge, he is entitled to the same credit on his Lake County sentence because he was subject to a detainer, filed by the Lake County probation department, while he was in the Cuyahoga County Jail.

{¶11} The calculation of jail-time credit is generally governed by R.C. 2967.191, which provides, in pertinent part: "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, * * *." While R.C. 2967.191 only refers to the department of rehabilitation and correction, R.C. 2929.19(B)(2)(g)(i) states that it is the trial court's duty to "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *."

{¶12} In essence, appellant contends his confinement in the Cuyahoga County Jail was based upon the alleged community control violation in Lake County because, even if the Cuyahoga County charge had been dismissed, he still would have remained incarcerated in light of the detainer. In support, he relies heavily upon the holding of the Ohio Supreme Court in *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856.

{¶13} In *Fugate*, the defendant was serving community control sanctions when he was indicted on two new felony offenses. After the defendant was arrested on the

4

new charges and placed in the county jail, the probation department moved to revoke his community control in the original case. Since both cases arose in the same county, the trial court ruled upon the motion to revoke as part of the sentencing hearing in the new case. Upon revoking the community control and imposing terms of incarceration in both cases, the trial court specifically ordered that the two sentences would be served concurrently. As to the issue of jail-time credit, the trial court found that the defendant was confined a total of 213 days after being arrested on the new charges, but held that the credit should only be deducted from the sentence in the first case.

{¶14} On appeal, the *Fugate* defendant argued that, since the sentences in the two cases were to run concurrently, he was entitled to have the 213 days deducted from each sentence. The Ohio Supreme Court agreed. First, the court generally noted that if a criminal defendant is unable to make bail and is held in jail prior to his trial, he would be denied his constitutional right to equal protection if he was not granted credit for the time already served. *Id.* at ¶7. The court then recognized that this principle is codified in R.C. 2967.191. *Id.* at ¶8. Upon applying the principle to the facts of Fugate's case, the court concluded that the principle would be violated if the credit was not deducted from each concurrent sentence:

{¶15} "Thus, in order to satisfy this objective, when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is

held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit." *Id.* at ¶12.

{¶16} As part of its statement of the underlying facts, the *Fugate* court quoted a segment of the sentencing hearing in which the prosecutor agreed that the defendant was incarcerated on both the new charges and the community control violation while the new case was pending. *Id.* at ¶17-18. Accordingly, since the ultimate sentences in the two cases were to be served concurrently, the defendant would not receive the full benefit of the time served unless the credit was subtracted from both sentences.

{¶17} The facts of this matter are quite similar to those in *Fugate*. First, the trial court in the underlying Lake County case ordered that the aggregate sentence on the identity theft charges be served concurrently with the eight-month term in the Cuyahoga County proceeding. Second, as part of a written submission in the Lake County case, the state admitted that a "community control violation" holder was placed on appellant on January 22, 2014, only five days after he was incarcerated in the Cuyahoga County Jail on the new "passing bad check" charge.

{¶18} In attempting to distinguish *Fugate*, some appellate courts have concluded that the *Fugate* analysis should not be followed when the concurrent prison terms are imposed by different trial courts at different times. *See, e.g., State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-06, 2009-Ohio-4633, ¶23. However, given that the existence of the holder justifies appellant's continuing incarceration had the Cuyahoga County charge been dismissed, the foregoing distinction is unpersuasive because it would defeat the underlying principle that a defendant is entitled to credit for all presentencing incarceration based upon the pending charges in the underlying case. Since appellant's

confinement in the Cuyahoga County Jail was predicated in part upon the seven "identity theft" charges in Lake County, he is entitled to jail-time credit for the days from January 22, 2014 until April 21, 2014.

{¶19} Finally, the failure to grant appellant this additional credit constitutes plain error. Crim.R. 52(B). Unless corrected, he will serve an additional ninety days on his Lake County conviction. This violation of appellant's right to equal protection under *Fugate* results in a manifest miscarriage of justice. *See State v. O'Brien*, 11th Dist. Lake No. 2011-L-011, 2013-Ohio-13, ¶27. Furthermore, allowing this error to stand would have a substantial adverse impact upon the integrity of the trial proceedings. *Id.* Under these circumstances, the trial court's credit determination must be reversed notwithstanding appellant's failure to timely object.

{¶20} Under the second issue, appellant claims the trial court's jail-time credit calculation was also flawed because it did not account for the time between the date the final sentencing judgment was issued, May 12, 2014, and the date he was transferred back to the state prison, May 21, 2014. He appears to contend that the calculation of this post-sentencing period must be set forth in either the sentencing judgment or a separate judgment issued after the defendant has been transferred.

{¶21} As noted above, R.C. 2929.19(B)(2)(g)(i) states that the sentencing entry in a criminal action must contain a determination of the number of days the defendant has been confined for any reason in relation to the charge upon which the sentence is predicated. The extent of the trial court's duty in calculating the credit is clarified in Ohio Adm.Code 5120-2-04:

{¶22} "(B) The sentencing court determines the amount of time the offender served before being sentenced. The court must make a factual determination of the

7

number of days credit to which the offender is entitled by law and, if the offender is committed to a state correctional institution, forward a statement of the number of days of confinement which he is entitled by law to have credited. This information is required to be included within the journal entry imposing the sentence or stated prison term.

{¶23} "(C) When the sheriff delivers the offender to the department of rehabilitation and correction's reception center, he shall present the managing officer with a copy of the offender's sentence, stated prison term or combination thereof that specifies the total number of days, if any, the offender was confined for any reason prior to conviction and sentence and a record of the days he was confined for the offense between the date of sentencing and the date committed to the reception center.

{¶24} "(D) The number of days, if any, specified in the court's journal entry committing the offender to the department is the court's finding of the number of days the offender is entitled to by law, up to and including the date of the journal entry. The bureau of sentence computation shall reduce the offender's minimum and maximum, definite sentence or stated prison term by the number of days specified in the entry, plus the number of days the offender was confined as a result of the offense, between the date of the entry and the date committed to the department, as reflected in the sheriff's record."

{¶25} Obviously, when the trial court issues its final sentencing judgment, it has no way of knowing or determining how many days will elapse before the sheriff will be able to transport the defendant to the state correctional institution. Thus, subsection (D) provides that the trial court's duty to calculate the amount of jail-time credit only extends to the date of the sentencing judgment. Furthermore, subsection (C) places the burden upon the sheriff to keep a record of the number of days between the date of sentencing

8

and the date of transfer to the department of rehabilitation and correction. The sheriff must then, pursuant to subsection (D), inform the department of that number at the time of the transfer.

{¶26} In order for a trial court to provide a determination regarding the number of days between sentencing and transfer to the state prison, it would be necessary for the court to amend its original sentencing judgment or issue a new judgment solely on that issue. R.C. 2929.19(B)(2)(g)(i) clearly does not mandate such a procedure. Therefore, to the extent that Ohio Adm.Code 5120-2-04 does not conflict with the statute, it states an acceptable procedure for ensuring that a criminal defendant is afforded credit for the post-sentencing days in which he is still held in the county jail.

{¶27} As the trial court was not required to include in its sentencing judgment a determination concerning the amount of appellant's post-sentencing jail-time credit, the second issue of his sole assignment is without merit. However, to the extent that the trial court erred in holding that appellant is only entitled to 22 days of presentencing jail-time credit, the assignment has merit. Accordingly, the judgment of the trial court is reversed as to that issue, and the case is remanded for further proceedings consistent with this opinion.

COLLEEN MARY O'TOOLE, J., concurs,

CYNTHIA WESTCOTT RICE, P.J., dissents with a Dissenting Opinion.

_____

9

CYNTHIA WESTCOTT RICE, P.J., dissents with a Dissenting Opinion.

{¶28} Because I disagree with the disposition of the majority, I respectfully dissent.

{¶29} The majority holds that since appellant's confinement in the Cuyahoga County Jail was based in part on a Lake County holder for a community control violation, pursuant to *Fugate, supra,* he was entitled to three months jail-time credit on the Cuyahoga County case from the date the Lake County holder was issued (1-22-14) until he was transferred to the Lake County Jail (4-22-14).

{¶30} However, since appellant's other sentence was imposed in Cuyahoga County two months before appellant was convicted of his probation violation in Lake County, his Cuyahoga County case was unrelated to his Lake County case and *Fugate* does not apply. Thus, appellant was not entitled to jail-time credit for his Cuyahoga County case, and appellant's jail-time credit was limited to his pre-trial detention in Lake County on the identity-theft charge and the holder issued in that county.

{¶31} While on the surface, *Fugate* appears to support the majority's holding, the facts in that case are distinguishable and its holding is inapposite.

{¶32} The Fifth District in *Marini, supra*, stated that *Fugate* does not apply when different trial courts impose sentences at separate times since "the sentences at best are only partly concurrent, and there is no requirement that courts arrange their cases in such a way as to maximize concurrency." *Id*. at ¶23. The Fifth District further stated:

> It is one thing to hold, such as the Supreme Court did in *Fugate,* [*supra*,] that jail time credit earned in two cases must be applied to both cases *when the sentences are imposed concurrently by the same court.* It would be quite another to hold in the present case that confinement while serving non-concurrent jail time must be awarded as "jail time" to reduce a *later-imposed felony sentence.* (Emphasis added.) *Id.*

10

{¶33} The Fifth District in *Marini* thus equated a sentence imposed by another court at another time as a separate, unrelated offense. "R.C. 2967.191 requires that jail credit be given only for the time the prisoner was confined for any reason *arising out of the offense* for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based." (Emphasis added.) *State v. Smith*, 71 Ohio App.3d 302, 304 (10th Dist.1992).

{¶34} Ohio courts have repeatedly recognized that where a defendant was incarcerated on a prior *unrelated* conviction during the pendency of the present case, he is not entitled to jail-time credit. *Marini, supra*, at ¶16-21. Accordingly, this court, in *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417, held, "[t]here is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter." *Id.* at ¶11. The Fifth District in *Marini* adroitly stated: "The language of R.C. 2967.191 does not allow the convicted person to turn his confinement for various convictions into a 'bank' of jail time that he [can] 'withdraw' as needed for pending felony offenses." *Id.* at ¶22.