[Cite as *State v. Moore*, 2016-Ohio-3510.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2015-A-0069 |
| DAVID M. MOORE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2010 CR 00420.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Christopher J. Boeman,* P.O. Box 583, Willoughby, OH 44096 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}   Defendant-appellant, David M. Moore, appeals from the Judgment Entry of the Ashtabula County Court of Common Pleas, ordering that he be given jail-time credit of 742 days toward a four-year prison sentence.  The issue to be determined by this court is whether a defendant can receive jail-time credit for time served on an

unrelated offense when there may have been a holder that caused him to remain in jail during that time. For the following reasons, we affirm the decision of the lower court.

{¶2} On January 21, 2011, Moore was indicted by the Ashtabula County Grand Jury for Aggravated Robbery (Count One), a felony of the first degree, in violation of R.C. 2911.01(A)(1); Robbery (Count Two), a felony of the third degree, in violation of R.C. 2911.02(A)(3); and Theft of Drugs (Count Three), a felony of the fourth degree, in violation of R.C. 2913.02(A)(1) and (B)(6).

{¶3} Moore entered a plea of guilty to Counts Two and Three on April 1, 2011. The remaining count was dismissed.

{¶4} On April 25, 2011, a Judgment Entry was filed, sentencing Moore to four years of incarceration on Count Two and eighteen months on Count Three, to run concurrently.

{¶5} The trial court issued a Judgment Entry on July 16, 2012, granting Moore's request for judicial release, with the condition that he attend and complete the NEOCAP program, after which he would be on intensive probation for two years. Moore's probation was subsequently extended for a period of one year, until July 13, 2015, based on his failure to pay fees and court costs.

{¶6} On September 12, 2014, a Request for Capias was filed by the Ashtabula County Adult Probation Department, based on Moore's failure to comply with his terms of probation. The court filed a Judgment on the same date, issuing a capias and ordering that Moore be arrested and remain in custody for a hearing on the probation violation.

{¶7} Moore filed a Motion of Availability on April 13, 2015, stating that he was incarcerated in the Lake County Jail.

{¶8} On August 17, 2015, a Complaint for Violation of ISP Probation was filed, detailing Moore's lack of compliance.

{¶9} A Probable Cause hearing was held on September 18, 2015. At that hearing, it was explained that Moore had been arrested for Forgery and Misuse of Credit Cards in Lake County in November 2014, remained in the Lake County Jail, and completed a nine month sentence for those convictions just prior to being brought to Ashtabula for the probation violation. Moore entered a guilty plea. The court found he violated probation by pleading guilty to felony offenses in Lake County and by failing to report to probation. The court scheduled an evidentiary hearing for Moore to prove he was entitled to the jail-time credit he requested.

{¶10} A hearing on the jail-time credit issue was held on September 23, 2015. Moore's counsel presented the judgment from his Lake County convictions, which did not reference the capias or the probation violation in the present matter. Counsel argued that she believed the Lake County Court was aware of the pending charges because the docket had a notation about amending the bond "if defendant is taken into custody to serve sentence of 60 days in Ashtabula County."[1] Counsel argued that Moore would not have been permitted to get out of jail if he posted bond because of the capias, an argument refuted by the State. The State noted Moore was transported to Ashtabula County Jail when he had completed his sentence of nine months on the Lake County case.

---

1. It is noteworthy that on September 2, 2015, Moore was sentenced to a 55-day jail term for Driving Under Suspension, in Geneva, Ashtabula County.

{¶11} A second hearing was held on October 30, 2015. The State and Moore both agreed he was entitled to at least 742 days of credit for his past incarceration for Robbery and Theft of Drugs. Moore also believed that he was entitled to "the nine months that he served a sentence when this capias was pending for him." The court found that Moore was not entitled to jail-time credit for that period, since it "arose from facts that are separate and apart from those that he's now being sentenced." The court ordered him to serve the four-year sentence imposed in 2011, with credit for 742 days served. The trial court filed its Judgment Entry on November 2, 2015, memorializing the sentence.

{¶12} Moore timely appeals and raises the following assignment of error:

{¶13} "The trial court erroneously denied appellant jail-time credit under R.C. 2967.191 for time spent in custody after a capias had been issued without first determining whether or not he was being held on a holder for alleged probation violations."

{¶14} Pursuant to R.C. 2967.191, a prisoner's stated prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

{¶15} "We review the trial court's determination as to the amount of credit to which [a defendant] is entitled under the 'clearly and convincingly' contrary to law standard." *State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, ¶ 15; R.C. 2953.08(G)(2); *see State v. Marcum*, __ Ohio St.3d __, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines

4

by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law").

{¶16} Moore argues that the trial court should have determined whether a probation violation holder had been placed on him while he was in jail in Lake County before denying the motion for jail-time credit. He contends that if a holder existed, he was entitled to an additional 270 days of jail credit, citing *State v. Maynard*, 10th Dist. Franklin No. 08AP-43, 2008-Ohio-3829.

{¶17} The State argues that the extra jail-time credit is unwarranted because the period of incarceration was for an unrelated offense. It also argues that Moore "was granted a hearing for the sole purpose of presenting evidence to show that there was a holder placed on him due to his Ashtabula County case while he was incarcerated in Lake County," but was unable to produce any evidence to support that contention.

{¶18} This court has generally recognized that "jail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced." *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417, ¶ 11. "R.C. 2967.191 is inapplicable when the offender is imprisoned as a result of another unrelated offense," and "there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter." *Id.*; *Smith*, 2014-Ohio-5076, at ¶ 16.

{¶19} In the present case, there is no dispute over the 742 days. There is also no evidence to dispute that the additional 270 days Moore requests were served pursuant to his Lake County charges/sentence. While the Lake County convictions

5

provided part of the basis for Moore's probation violation, in addition to his failure to report, this does not create a relationship with the original underlying charges requiring jail-time credit. *See State v. Olmstead*, 5th Dist. Richland No. 2007-CA-119, 2008-Ohio-5884, ¶ 19 (jail-time credit for an arrest on a probation violation "can only be credited toward the sentence on the original charge- i.e., the one for which he was sentenced to probation"). Moore was ordered to serve his original term for the underlying 2011 Robbery and Theft convictions, which are unrelated to the Lake County convictions for which Moore served nine months.

**{¶20}** Given the lack of a relationship between the charges justifying jail-time credit, Moore contends that the existence of a holder entitled him to the 270-day credit. This is based on reliance on *Maynard*, 2008-Ohio-3829, wherein the Tenth District remanded for the court to determine if a holder had existed for a probation violation, which, if it was the cause of the appellant's confinement, "would entitle [the appellant] to jail-time credit from the date the probation holder was placed through the date of the revocation hearing." *Id.* at ¶ 20.

**{¶21}** Presuming that the existence of a holder for the probation violation would require the court to credit 270 days of jail time to Moore, there is no evidence in the record that such a holder existed. Multiple hearings on this issue were held before the trial court, but no evidence of a holder was presented.

**{¶22}** While a September 12, 2014 judgment did order a capias to issue for Moore's arrest, it was not served on Moore until he was to be released from Lake County. There is no evidence that Lake County was informed that Moore should be held on the probation violation, nor does Moore argue that such evidence was part of

6

the record. Instead, he argues that "the record is unclear" and that there should be a remand for the trial court to make a specific finding whether Moore had been held on a probation violation holder.

{¶23} We find no basis for doing so. Moore was given the opportunity at multiple hearings to submit evidence showing the existence of a holder. The State argued that Moore had not been served with the capias and he was not held on this case while in Lake County. The trial court's determination that Moore was not entitled an additional 270 days of jail-time credit is sufficient to establish that it believed no holder existed and that the circumstances only warranted the amount of jail-time credit awarded. The lack of evidence to show that Moore was being held on the probation violation issue warrants a conclusion that he was not. *See State v. Cremeans*, 4th Dist. Lawrence No. 99 CA 12, 2000 Ohio App. LEXIS 2938, 7 (June 26, 2000) ("Common sense dictates that if no holder existed, or if authorities were unaware of any existing arrest warrant, they cannot be said to be holding a prisoner for either of those reasons."). It is also clear that Moore was sentenced for charges in Lake County which warranted his detention.

{¶24} In *Maynard*, the court found it was necessary to remand for a determination of whether appellant's confinement resulted from a holder to determine if she should get credit for time served since the record was insufficient to determine whether a holder was filed and necessary documents were not made part of the record. 2008-Ohio-3829, at ¶ 19-20. In the present case, no remand is warranted. It is clear that jail-time credit was argued at three separate hearings, at least one of which was characterized as an evidentiary hearing and was scheduled for the specific purpose of

7

allowing Moore to prove his entitlement to jail-time credit. We decline to remand for additional evidence-taking when a record was established through the hearing and simply does not support Moore's claim. *See State v. Choate*, 9th Dist. Summit No. 27612, 2015-Ohio-4972, ¶ 33 ("[t]he appellate record, however, simply does not contain sufficient information for us to conclude that an error occurred").

**{¶25}** Finally, Moore's contention that he should receive jail-time credit in the present case for time served in another case would essentially reward him for committing multiple crimes: "R.C. 2967.191 does not allow a convicted person to turn his confinement for various convictions into a 'bank' of jail time that he 'withdraw[s]' as needed for pending felony offenses." *Smith*, 2014-Ohio-5076, at ¶ 18, citing *State v. Barnett*, 7th Dist. Mahoning No. 13 MA 123, 2014-Ohio-3686, ¶ 13.

**{¶26}** The sole assignment of error is without merit.

**{¶27}** For the foregoing reasons, the Judgment Entry of the Ashtabula County Court of Common Pleas, ordering that Moore receive 742 days of jail-time credit, is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.