[Cite as *State v. Mason*, 2020-Ohio-1561.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-168** |
| DANNEL NATHANIEL MASON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2018 CR 001009.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Dannell Nathaniel Mason*, pro se, PID: A762-708, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Dannel Nathaniel Mason ("Mason"), appeals a judgment in the Lake County Court of Common Pleas denying his motion for jail-time credit following a guilty plea to one count of Grand Theft of a Motor Vehicle. We affirm the trial court's judgment.

{¶2} The underlying facts in the matter are mostly undisputed. Mason was arrested for theft of a vehicle on September 29, 2018 and was incarcerated for five days

in Lake County Jail before being released. Subsequently, he was indicted in Lake County on December 10, 2018. After the Lake County Sheriff's Department was unable to serve Mason with a copy of the summons upon indictment, a warrant was issued for his arrest.

{¶3} On July 12, 2019, the trial court received notice that Mason was incarcerated in the Lorain Correctional Institution serving an 8-month sentence on another case originating in Cuyahoga County. Mason was conveyed to the Lake County Jail, arraigned on the charges in the present matter, and granted bond on his own recognizance. However, he was not released from the Lake County Jail because he was still serving his sentence in Cuyahoga County.

{¶4} On September 11, 2019, Mason pled guilty in Lake County to one count of Grand Theft of a Motor Vehicle, a fourth-degree felony in violation of R.C. 2913.02(A)(2). He was sentenced to 8 months in prison, to be served consecutively to the 8-month sentence in the Cuyahoga County case. He was also given 5 days of jail-time credit for the period of incarceration from Mason's initial arrest in 2018.

{¶5} On November 27, 2019, Mason filed a motion for additional jail-time credit, requesting that the trial court grant an additional 101 days of jail-time credit for the time he was held at the Lake County Jail following his arraignment in the present matter. The state responded in opposition, and the trial court denied the motion, giving the following explanation for its decision:

> Upon consideration, this Court finds that an indictment was filed in this case on December 10, 2018, but the Lake County Sheriff was unable to serve a copy of the summons upon the Defendant. The Court subsequently issued a warrant on indictment. On July 12, 2019, the Court received "Inmate's Notice of Place of Imprisonment and Request for Disposition" advising the Court that the Defendant

2

was in the Lorain Correctional Institution serving a prison sentence out of Cuyahoga County. As a result, Defendant was subsequently conveyed from prison to the Lake County Jail. Thereafter, Defendant was arraigned on the indictment, and an own recognizance bond was set. Although discharged on this case, Defendant remained in the Lake County Jail pending the resolution of this case * * *.

Inasmuch as the Defendant was serving a prison term for an unrelated offense out of Cuyahoga County during the time he was incarcerated in the Lake County Jail, and since this Court ordered his Lake County sentence to be served consecutive to the Cuyahoga County case, the Defendant is not entitled to credit in this case for the time he was detained in the Lake County Jail. In addition, he was not in jail in lieu of bond for the Lake County case during that time.

WHEREFORE, it is the finding of this Court that Defendant's Motion for Additional Jail-Time Credit is not well taken and is hereby denied.

{¶6} Mason filed a timely pro se notice of appeal and raises the following assignment of error for our review:

THE TRIAL COURT VIOLATED MASON'S CONSTITUTIONAL RIGHTS WHEN IT DENIED HIS REQUEST FOR ALL OF HIS PRE-SENTENCE CONFINEMENT (JAIL-TIME CREDIT) TO BE APPLIED TO HIS SENTENCE.

{¶7} "We review the trial court's determination as to the amount of credit to which [a defendant] is entitled under the 'clearly and convincingly' contrary to law standard." *State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, ¶15, quoting R.C. 2953.08(G)(2). R.C. 2967.191(A) mandates a reduction of a prison term for related days of confinement, and provides in pertinent part:

The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the

3

prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility.

{¶8} "When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶22.

{¶9} "[T]he only time that may be counted as jail-time credit toward a sentence is time held on grounds related to that same sentence. Unrelated jail time may not be counted towards unrelated sentences." *State v. Corpening*, 11th Dist. Ashtabula Nos. 2018-A-0094 & 2018-A-0095, 2019-Ohio-4833, ¶26. "The Supreme Court of Ohio has recently reiterated this, stating 'an offender is only entitled to credit for time spent incarcerated on the offense for which he was convicted.'" *Id.*, quoting *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, ¶21. "As this court has previously noted 'there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter.'" *State v. Garver*, 11th Dist. Lake No. 2016-L-069, 2017-Ohio-1107, ¶19, quoting *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417, ¶11 ("R.C. 2967.191 is inapplicable when the offender is imprisoned as a result of another unrelated offense.").

{¶10} In the matter sub judice, Mason relies on the holding in *Fugate* and *State v. Caccamo*, 11th Dist. Lake No. 2015-L-048, 2016-Ohio-3006. However, even to the extent these cases have been limited by *Cupp*, both are inapposite because the trial court did not sentence Mason to concurrent terms and, therefore, credit is not to be

4

applied against each term.  Further, the time Mason was being held at Lake County Jail following his conveyance on the present charges was for an unrelated offense and sentence from Cuyahoga County.  Therefore, the trial court did not err in denying Mason's motion for additional jail-time credit.

{¶11}  Mason's sole assignment of error has no merit.

{¶12}  The judgment of the Lake County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.