[Cite as *State v. Hansen*, 2012-Ohio-4574.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 63 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| JOSHUA HANSEN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                                             Court, Case No. 09 CR 1259.

JUDGMENT:                                       Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                       Attorney Paul J. Gains
                                                             Prosecuting Attorney
                                                             Attorney Ralph M. Rivera
                                                             Assistant Prosecuting Attorney
                                                             21 W. Boardman St., 6th Floor
                                                             Youngstown, OH  44503

For Defendant-Appellant:                  Attorney Rhys Cartwright-Jones
                                                             42 N. Phelps Street
                                                             Youngstown, OH  44503-1130

                                                             Attorney Timothy J. Cunning
                                                             Scullin & Cunning
                                                             940 Windham Court, Suite 4
                                                             Boardman, OH  44512

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich

                                                             Dated:  September 24, 2012

DeGenaro, J.

{¶1}　Defendant-Appellant, Joshua Hansen, appeals the April 18, 2011 judgment of the Mahoning County Court of Common Pleas, convicting him of one count of felonious assault and one count of kidnapping, and sentencing him accordingly. On appeal, Hansen raises three arguments: (1) that the State breached the plea agreement by failing to recommend a five-year sentence to the trial court; (2) that his due process rights were violated by comments made by the prosecutor during the sentencing hearing regarding a charged offense that was dismissed pursuant to the plea agreement; and (3) that trial counsel was ineffective for failing to object to the above alleged errors during sentencing.

{¶2}　Hansen's arguments are meritless. He failed to object to the State's recommendation during sentencing and thus has waived all but plain error review, and there was no error, let alone plain error. At the beginning of the sentencing hearing, the prosecutor recommended the court impose a five-year sentence in accordance with the plea agreement. After reading a statement from the victim, the prosecutor reiterated that recommendation, requesting that the court issue "a sentence no less than the five years recommended by the State." This does not violate the plea agreement. The prosecutor did not request a sentence greater than five years; she was merely urging the court not to impose a lesser sentence, which the court could have done, given its broad sentencing discretion. Thus, the State kept its end of the plea bargain. The prosecutor's comments about the dismissed rape charges or the victim's comments regarding her rape allegations during sentencing did not violate Hansen's due process rights. Finally, trial counsel was not ineffective and even if he was Hansen has not demonstrated prejudice. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3}　On November 12, 2009, Hansen was indicted on one count of kidnapping (R.C. 2905.01(A)(2)(C)), a first-degree felony; one count of attempted rape (R.C. 2907.02(A)(2)(B) and 2923.02(A)), a second-degree felony; and one count of felonious assault (R.C. 2903.11(A)(1)(D)), a second-degree felony. Counsel was appointed, Hansen was arraigned and pled not guilty.

{¶4}　On January 21, 2010, the grand jury issued a superceding indictment that

amended the second count from attempted rape, to rape (R.C. 2907.02(A)(2)(B)), a first-degree felony. The other counts remained the same. Hansen waived his speedy trial rights.

{¶5} Shortly before trial was to begin, Hansen entered into a Crim.R. 11 plea agreement with the State in which he agreed to plead guilty to the felonious assault and kidnapping charges, and in exchange the State agreed to dismiss the rape charge and to recommend a five-year sentence. During the plea hearing, the prosecutor noted that the reason the State decided to accept the plea was to honor the victim's desire not to have to testify: "The state asks the Court to accept the rule 11 agreement. After speaking with the victim she was okay with the resolution. In order to spare her the trauma of having to testify about what happened that night, the state feels that this is a fair and appropriate resolution to this matter." After engaging in an extensive colloquy with Hansen, which included notifying Hansen that the court was not bound by the sentencing recommendation, the trial court accepted Hansen's plea as knowingly, voluntarily and intelligently made. Defense counsel submitted a sentencing brief. Numerous friends and family submitted letters to the court urging leniency. A PSI was prepared.

{¶6} At the April 14, 2011 sentencing hearing, the prosecutor stated: "At the time of the plea, the state's recommendation was five years in prison. The state stands by the recommendation today." The victim was present in the courtroom but did not address the court directly; instead, the prosecutor read a written statement from her detailing how the crime had severely affected her daily life, in which she alluded to the fact that Hansen had raped her. The prosecutor then stated: "We are proud of her for telling the truth, for making this statement, and we're asking the court to impose a sentence no less than the five years recommended by the state." Hansen did not object to this comment or to the victim's statement. The prosecutor also made references to the rape allegations.

{¶7} Prior to pronouncing the sentence, the trial court essentially repeated the colloquy from the plea hearing. Again, Hansen agreed he understood that the ultimate sentencing decision was up to the trial court. Both defense counsel and Hansen spoke in mitigation of sentence.

**{¶8}** After detailing Hansen's "horrendous" criminal record, which included numerous convictions, many of them of a violent nature, the trial court proceeded to sentence Hansen to eight years on each of the charges, to be served concurrently, along with five years of post-release control, which was reiterated in the sentencing entry. Both counsel and Hansen have filed assignments of error.

### Breach of Plea Agreement

**{¶9}** Hansen's pro-se assignment of error asserts:

**{¶10}** "Prosecutorial Misconduct: the prosecutor breached its duty under a plea agreement to recommend a five year sentence to the trial Court."

**{¶11}** Similarly, counsel's supplemental brief asserts:

**{¶12}** "The State breached the Criminal Rule 11 plea agreement by recommending a sentence that was inconsistent with what was agreed upon between the parties and by breaching the duty of good faith and fair dealing implicit in all contracts."

**{¶13}** Hansen takes issue with the following comment made by the prosecutor during the sentencing hearing: "We are proud of her for telling the truth, for making this statement, and we're asking the court to impose a sentence no less than the five years recommended by the state." He contends that this constitutes a breach of the plea agreement.

**{¶14}** A plea agreement is contractual in nature. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Ordinarily, upon breach of the agreement, the defendant is entitled to either rescission (i.e., withdrawal of the plea) or specific performance. Id. at 263.

**{¶15}** However, where, as here, a defendant fails to object to the State's recommendation during sentencing, he forfeits that alleged error, and an appellate court reviews for plain error only. *Puckett v. U.S.*, 556 U.S. 129, 173 L.Ed.2d 266, 129 S.Ct. 1423 (2009); *State v. Montgomery*, 4th Dist. No. 07CA858, 2008-Ohio-4753, ¶15-16. Reversal based upon the plain error doctrine requires an obvious error that affected a

defendant's substantial rights under exceptional circumstances. Crim.R. 52(B); *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). It cannot be utilized unless the outcome clearly would have been different if not for the error. *State v. Waddell*, 75 Ohio St.3d 163, 166, 661 N.E.2d 1043 (1996). "In this context * * * the outcome at issue is the sentence imposed. The question is whether [the defendant's] sentence would have been different absent the breach." *State v. Kline*, 2d Dist. No. 2009-CA-02, 2010-Ohio-3913, at ¶5, citing *Puckett* at 1433, fn. 4. Further, "plain error is a discretionary doctrine which may, but *need not*, be employed if warranted." (Emphasis sic.) *State v. Donald*, 7th Dist. No. 08 MA 154, 2009-Ohio-4638, at ¶68.

**{¶16}** There is no error, let alone plain error, in this case. At the beginning of the sentencing hearing, the prosecutor recommended the trial court impose a five-year sentence, in accordance with the plea agreement. After reading a statement from the victim, the prosecutor reiterated that recommendation, requesting that the trial court issue "a sentence no less than the five years recommended by the State." This does not violate the plea agreement. The prosecutor did not request a sentence greater than five years; she was merely urging the court not to impose a lesser sentence, which the court could have done, given its broad sentencing discretion.

**{¶17}** Hansen asserts that by asking the trial court to "impose a sentence no less than the five years recommended by the State," that "[i]n effect, the State's recommendation at the time of sentencing was simply for a sentence in excess of five years." This is not a fair or accurate characterization; the State was merely asking the trial court not to impose a sentence less than the recommended five years. This is not the same as recommending a sentence of greater than five years. Further, the State's explanation of the background which led to the plea deal does not constitute a breach of its duty of good faith and fair dealing. Nowhere did the State agree to "stand silent" on the issue of sentencing. It agreed to recommend a sentence of five years, which, in substance, it did. In sum, the State did not breach the plea agreement during sentencing.

**{¶18}** Even assuming there was error, it would not rise to the level of plain error. Hansen did not demonstrate how, absent the prosecutor's comment, his sentence would

have been any different. *See Kline, supra,* at ¶5, citing *Puckett* at 1433, fn. 4. Based on Hansen's convictions for one first-degree and one second-degree felony, the trial court had the discretion to sentence him anywhere from 3 to 18 years in prison. R.C. 2929.14(A)(1) and (2). The trial court was not bound by the State's recommendation. Accordingly, this assignment of error is meritless.

### Consideration of Dismissed Charges during Sentencing

{¶19} The second assignment of error in counsel's supplemental brief asserts:

{¶20} "Hansen's due process rights were violated when the State alluded to a charge of rape at the sentencing hearing and when the victim's statement directly commented on that same allegation notwithstanding the fact that said charge was dropped."

{¶21} Hansen takes issue with the prosecutor's references to the rape charge that had been dismissed pursuant to the plea agreement, along with the victim's statement, which also alluded to the rape. Hansen asserts that these instances violated his due process rights. Hansen's argument is meritless.

{¶22} As this court explained in *State v. Starkey,* 7th Dist. No. 06 MA 110, 2007-Ohio-6702, ¶17-18:

> Courts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing. *State v. Cooey* (1989), 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (such uncharged crimes are part of the defendant's social history and may be considered); *State v. Tolliver,* 9th Dist. No. 03CA0017, 2003-Ohio-5050, ¶24 (uncharged crimes in a presentence investigation report may be a factor at sentencing); *United States v. Mennuti* (C.A.2, 1982), 679 F.2d 1032, 1037 (similar though uncharged crimes may be considered); *United States v. Needles* (C.A.2, 1973), 472 F.2d 652, 654-56 (a dropped count in an indictment may be considered in sentencing). This

has long been the rule in Ohio:

"[I]t is well-established that a sentencing court may weigh such factors as arrests for other crimes. As noted by the Second Circuit United States Court of Appeals, the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant [.]" *State v. Burton* (1977), 52 Ohio St.2d 21, 23, 368 N.E.2d 297.

**{¶23}** Based on this authority, we held in *Starkey* that the trial court did not err when it referred to charges that were either dismissed or amended as a result of the plea agreement. *Starkey* at ¶19. Moreover, R.C. 2929.19(A) provides that a victim may present any evidence that is relevant to the defendant's sentence: "At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case."

**{¶24}** Thus, the State and the victim properly commented about the rape offense that had been dismissed pursuant to the plea agreement, and the trial court was within its discretion to consider those comments as it deemed fit when sentencing Hansen. Accordingly, this assignment of error is meritless.

### Ineffective Assistance of Trial Counsel

**{¶25}** Hansen's final assignment of error, raised pro-se, asserts:

**{¶26}** "The Appellant's counsel provided ineffective assistance during sentencing as counsel did not object in the trial court to [sic] broken plea agreement which denied Defendant-Appellant a fair-trial [sic] and based on ineffective assistance of the trial counsel in violation of United States Const. Amends. 5th, 6th, 14th, Ohio Const. Art. I §§ 1, 2, 10, 16."

**{¶27}** Similarly, counsel's supplemental brief asserts:

{¶28} "Hansen's Sixth Amendment right to counsel was violated by having ineffective assistance of counsel at the sentencing hearing."

{¶29} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that: (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶30} Ineffectiveness is demonstrated by showing that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). The defendant must demonstrate more than vague speculations of prejudice to show counsel was ineffective. *State v. Otte*, 74 Ohio St.3d 555, 566, 660 N.E.2d 711 (1996). To establish prejudice, a defendant must show there is a reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different. *Strickland* at 694. A reasonable possibility must be a probability sufficient to undermine confidence in the outcome of the case. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

{¶31} First, Hansen argues that trial counsel was ineffective for failing to object to the prosecutor's alleged breach of the plea agreement during sentencing. As discussed above, the prosecutor did not breach the plea agreement and thus counsel did not err by failing to object. Even assuming counsel did err, Hansen cannot demonstrate prejudice. He did not show that but for the error, his sentence would have been different. The trial court was not bound by the State's recommendation and the eight year sentence is reasonable based upon the serious harm caused to the victim, along with Hansen's lengthy prior criminal record. *See* R.C. 2929.12(B)(2), 2929.12(D)(2). Accordingly, this argument is meritless.

{¶32} Second, Hansen argues that trial counsel was ineffective for failing to object to the prosecutor's references to the dismissed rape charge, along with the fact that the

victim's statement also alluded to the fact that she was raped. As discussed above, the trial court did not err by considering the dismissed rape charge during sentencing, thus, counsel did not err by failing to object. And for the same reasons outlined above, Hansen could not demonstrate prejudice, even assuming trial counsel did err. For all of the above reasons, this assignment of error is meritless.

## Conclusion

{¶33} Hansen's arguments are meritless. He failed to object to the State's recommendation during sentencing and thus has waived all but plain error review, and there was no error in this case, let alone plain error. At the beginning of the sentencing hearing, the prosecutor recommended the court impose a five-year sentence, in accordance with the plea agreement. After reading a statement from the victim, the prosecutor reiterated that recommendation, requesting that the court issue "a sentence no less than the five years recommended by the State." This did not violate the plea agreement; the prosecutor did not request a greater sentence, she merely urged the trial court not to impose a lesser sentence, which the court could have done, given its broad sentencing discretion. Thus, the State kept its end of the plea bargain. The prosecutor's comments about the dismissed rape charges or the victim's comments regarding her rape allegations during sentencing did not violate Hansen's due process rights. Finally, trial counsel was not ineffective, and even if he was Hansen cannot show how he was prejudiced. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Vukovich, J., concurs.