[Cite as *State v. Cupp*, 2017-Ohio-7948.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0097** |
| ADAM R. CUPP, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 2015 C 000119.

Judgment: Affirmed in part, reversed in part; remanded.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Sean C. Buchanan*, Slater & Zurz LLP, One Cascade Plaza, Suite 2210, Akron, OH 44308 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}  Appellant, Adam R. Cupp, appeals from the September 29, 2016 judgment entry of the Geauga County Court of Common Pleas convicting him of one count of Endangering Children.  Appellant was sentenced to serve 36 months in prison.  At issue is the written plea agreement, appellant's motion to withdraw plea, and the trial court's award of jail-time credit.  For the reasons that follow, the trial court's judgment is affirmed in part and reversed in part, and the matter is remanded.

**Procedural History**

{¶2}   On June 12, 2015, a complaint was filed against appellant in the Chardon Municipal Court, alleging one count of Rape, a first-degree felony, in violation of R.C. 2907.02(A)(1) & (B).   Appellant posted bond on June 15, 2015, in the amount of $75,000.00 with conditions.  Appellant waived his right to a preliminary hearing, and the matter was bound over to the Geauga County Court of Common Pleas on June 19, 2015.

{¶3}   On June 29, 2015, appellant was indicted by the Grand Jury on the following eight counts: one count of Rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(b) (Count One); one count of Kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(2) (Count Two); one count of Endangering Children, a second-degree felony in violation of R.C. 2919.22(B)(1) (Count Three); and five counts of Gross Sexual Imposition, third-degree felonies in violation of R.C. 2907.05(A)(4) (Counts Four through Eight).  The alleged victim was a female minor, seven years old at the time of the indictment; the offenses allegedly occurred between July 1, 2012, and April 1, 2014.

{¶4}   On August 7, 2015, appellant made an initial appearance before the trial court and entered a plea of not guilty to all counts.  The trial court set bond in the amount of $400,000.00 with conditions.  It was determined that appellant was already being held in the Geauga County Jail for violating his probation in an unrelated Domestic Violence municipal court case.  Appellant had tested positive for cocaine and morphine, was arrested, and either had not posted bond or was being held without bond as a result of his probation violation in that case.

2

{¶5} The matter was scheduled for trial before a jury in October 2015 but was delayed at various times due to appellant retaining and discharging three different attorneys. Appellant submitted speedy-trial waivers during this time.

{¶6} At a pre-trial hearing held on October 5, 2015, the prosecutor stated appellant had been sentenced by the municipal court to approximately 500 days in jail for the Domestic Violence probation violation. Defense counsel stated she did not represent appellant in the Domestic Violence case but that it was her understanding appellant had not yet been sentenced; she indicated appellant was scheduled to appear before the municipal court that afternoon. There was some discussion that multiple municipal court cases might be involved and perhaps appellant had been sentenced on some but not others. Regardless, appellant remained confined in the Geauga County Jail on the municipal court charges and, in lieu of bail, on the common pleas charges.

{¶7} On June 17, 2016, appellant entered into a written plea agreement with appellee, the state of Ohio, on two amended counts: one count of Attempted Abduction, a fourth-degree felony in violation of R.C. 2905.03 & 2923.02 (Amended Count Two); and one count of Endangering Children, a third-degree felony in violation of R.C. 2919.22(A) & (E)(2)(c) (Amended Count Three). The signed plea agreement provides that appellant understood he could receive 6 to 18 months in prison and up to a $5,000.00 fine on Amended Count Two, and 9 to 36 months in prison and up to a $10,000.00 fine on Amended Count Three. The agreement states issues of merger and jail-time credit would be addressed at sentencing. A handwritten note is included at the bottom of the agreement, which states: "The parties agree *to recommend* that the defendant be on community control sanctions; if however, he violates he will get maximum time." (Emphasis added: "to recommend" was interlineated.) Appellant and

3

defense counsel initialed below the handwritten note; the prosecutor initialed next to the interlineation of "to recommend."

{¶8} The written plea agreement was presented to the trial court at a hearing held that same day, June 17, 2016. At the outset, the trial court reiterated the substance of the handwritten portion of the agreement, stating:

> The plea agreement goes on to provide for other matters, and includes the parties agreeing *to recommend* that the Defendant be placed on community control sanctions, which if violated, it is acknowledged that he would get the maximum time. And further, that the issue of jail time credit will be addressed at sentencing, if there is any jail time credit. We have addressed those with some notations to the original plea agreement that have been initialed by the parties and counsel[.] [Emphasis added.]

{¶9} Defense counsel stated, "Every one of the amendments to the original plea agreement that you have alluded to in your opening colloquy, your Honor, have been discussed with my client, and you will find both his initials and mine in every step in the appropriate way." The prosecution added that it would nolle the remaining counts of the indictment at sentencing.

{¶10} The trial court addressed appellant at the plea hearing, and the following colloquy, in pertinent part, was had on the record:

> THE COURT: Has anyone made you any promises or offered you any inducement or threatened you in any way in order to get you to plead guilty other than what is contained in the plea agreement?
>
> MR. CUPP: No, sir.
>
> THE COURT: And you did go over the written plea agreement as represented by [defense counsel], and in detail with him, correct?
>
> MR. CUPP: Yes, sir.
>
> * * *

4

THE COURT: All right. Now, you understand, too, that this plea agreement contains some, I think I have already referenced that there is a provision that at sentencing, there would be an issue brought up as to the jail time credit, if any. And there is also a representation that the parties agree, and not just a representation, but an agreement that the parties are going to recommend that you be placed on community control. And you understand that when it comes to sentencing, the Court does not have to follow any recommendation, but that it can impose whatever sentence is authorized by the law of Ohio?

MR. CUPP: Yes, sir.

THE COURT: And that the issue of jail time credit doesn't imply that there is any jail time credit. I understand you have been in jail not just because you haven't posted bond in this case, but because of a bond violation from another Court. So that may impact the availability of jail time credit in this case. You understand that?

MR. CUPP: Yes, sir.

{¶11} The trial court accepted appellant's plea of guilty, made a finding of guilt based upon the plea, and ordered preparation of a presentence investigation report. The prosecution stated appellant was still being held on the probation violation in municipal court with a scheduled release date of July 29, 2016. The trial court revoked appellant's $400,000.00 bond and stated it could be addressed at a later date. Finally, appellant signed a waiver of his right to be prosecuted by way of an amended grand jury indictment. This was all journalized in a change of plea order entered on June 24, 2016.

{¶12} On August 3, 2016, appellant filed a "Motion to Set Bond." In the motion, defense counsel asserted: "As contemplated as part of the Plea Agreement made, Mr. Cupp would be able to get a personal bond, while waiting for sentencing, Mr. Cupp would use this time to demonstrate to the Court that he has turn[ed] his life around."

5

The state of Ohio did not file a response in opposition. The trial court overruled the motion on August 4, 2016, stating:

> [C]ontrary to Defense counsel's assertion in its motion in support, there is no mention of a personal bond being granted to Defendant pending sentencing in either the written plea of guilty or the change of plea Order entered June 24, 2016. On the contrary, the latter provides the Defendant's bond was revoked – a not unexpected development for one who has just plead guilty to two felonies.

{¶13} On August 9, 2016, appellant filed a "Motion to Withdraw Guilty Plea." Appellant, by and through counsel, asserted the motion was based on suspicions raised by the trial court's refusal to grant bond. The motion alleged the prosecutor had agreed not to object to appellant receiving a bond after his sentence in the municipal court case had run its course, although it also stated that "[b]ond revocation is not an item contemplated by the written plea agreement signed by Mr. Cupp." Specifically, appellant stated:

> When the time arose for Mr. Cupp's release [from the municipal court case] this Court indicated that a bond would not be set in this case as 'might be expected where someone pleads to two felonies.' When the State failed to perform its agreed-to promise regarding bond, Mr. Cupp began to suspect that his ratification of the plea agreement would be used as an expedited tool to incarcerate regardless of the State's recommendation to this Honorable Court.

The state filed a brief in response to appellant's motion to withdraw his plea, noting it had not filed an objection to appellant's motion to set bond.

{¶14} On August 17, 2016, after the issue was briefed by both parties, the trial court held a hearing on appellant's motion to withdraw his guilty plea. Defense counsel stated appellant desired to withdraw his plea because he is innocent and had hoped "to be able * * * to have the better part of two plus weeks to demonstrate to this Court that he could put his financial house in order, save his home, satisfy his customers, reunite

6

with his mom and his family and be able to be a good candidate for community control." The prosecutor, in addition to arguing the merits of the motion, responded it "never went back on any portion of the deal. We never objected to his being released after his Muni time was set. * * * We are standing here ready to abide by our end of the bargain. We stated when he pled guilty to those two counts on June 17th, that we would agree to recommend that the Defendant be on community control sanctions. * * * We were prepared to do that again today." The prosecutor also argued withdrawal of the plea would prejudice the state, contrary to appellant's position, because the minor victim had already been informed she would not have to testify.

{¶15} The trial court overruled the motion in an order issued August 22, 2016:

> The Court finds the motion not well taken. The grounds cited by the defense do not suffice. At the plea hearing the Defendant freely and voluntarily entered his plea. He acknowledged that no promises were made as inducements to the plea (other than what is in the plea agreement) and further acknowledged that the Court has discretion to impose any penalty authorized by law.
>
> It is true that withdrawal of a guilty plea prior to sentencing should be granted upon a less stringent standard than post sentence. However, this case has been pending for months. Defendant engaged skilled counsel, there was a full Crim. R. 11 hearing, and Defendant represented himself as guilty of the crimes he pleaded guilty to. While he may have expected to be let out on bond pending sentencing (now that his Municipal Court sentences have been served) the expectation was unwarranted. There is nothing in the plea agreement regarding a bond reduction. Defendant's bond was set at $400,000.00 prior to plea and was revoked pending sentencing.
>
> Not every pre-sentence motion to withdraw plea is subject to withdrawal. This clearly is one of those situations.

{¶16} On August 23, 2016, a notice of appearance was filed indicating appellant had again retained new counsel. That same day, newly-retained counsel filed a motion to withdraw appellant's previously filed motion to withdraw plea and requested

7

sentencing be scheduled as soon as possible. The trial court overruled the motion to withdraw as moot, given it had already overruled the motion to withdraw plea.

{¶17} On September 22, 2016, appellant appeared before the trial court for sentencing. Defense counsel stated:

> I think it is very clear in the plea agreement, that everybody, including the victim's family, agreed that probation would be recommended to the Court. While I understand the Court certainly is not bound by it, I think it is at least the Prosecutor's belief and my belief that that was recommended at that time. And I would ask the Court to certainly consider the recommendation of all the parties involved in this case, including the victim's.

The trial court did not ask the prosecutor to reiterate its sentencing recommendation, and it requested a discussion on the issues of merger and jail-time credit.

{¶18} Defense counsel argued jail-time credit should begin to run when appellant's bond was revoked on June 21, 2016. The prosecutor responded that appellant's jail-time credit should run from July 30, 2016, the day after his municipal court sentence ended. The trial court agreed with the state and awarded appellant jail-time credit from July 30, 2016. The trial court awarded 58 days jail-time credit, which apparently included three days appellant was held before he was sentenced on the municipal court probation violation.

{¶19} The prosecutor argued the two amended counts should not merge for purposes of sentencing because it could not be concluded that the elements of each count occurred at the same time. Specifically, the prosecutor stated:

> As I review it, your Honor, [Amended Count Three, Endangering Children,] covers a date range of July 1 of 2012 through April 12 of 2014, and the conduct described by the victim made in a series of disclosures is indicative of the Defendant's behaviors through that period of time.

8

He did create, in the periods of time when he had custody and control over the victim, he did create by his numerous behaviors substantial risk to her health or safety by violating his duty of care. It is not limited to one specific act but more of created by the entire range which is included in the Indictment in the original Count Three and also in the Amended Count Three.

Contrary to that, looking at the Amended Count Two, the Attempted Abduction, the State would argue it would not merge with the Endangering Children because that would focus more on specific instances where the Defendant did something to either restrain the liberty of the victim or would create circumstances that would create a risk of physical harm to her or place her in fear of physical harm.

And I know it is described in the pre-sentence investigation that certain period of times that something would happen, and then as a result, she would flee to her room and lock herself in out of fear, and that is a restraint of her liberty as a result of the actions of the Defendant.

Defense counsel responded it could not be concluded that the acts did not occur at the same time and, thus, they should merge. The trial court agreed with the defense and found the two counts merge for purposes of sentencing. The state elected to proceed to sentencing on Amended Count Three, Endangering Children, a third-degree felony.

{¶20} The trial court then made the requisite findings and advised appellant of mandatory post-release control for a period of three years. The trial court found appellant not amenable to community control and sentenced him to the maximum prison term of 36 months, to which appellant objected. The remaining counts of the indictment were dismissed. This was all journalized in a judgment of conviction entered on September 29, 2016.

{¶21} Appellant filed a timely appeal and raises four assignments of error, which we consider out of numerical order.

**Plea Agreement**

{¶22} Appellant's third assignment of error states:

9

{¶23} "The court erred by following a plea agreement that was materially different in its written form from what Mr. Cupp actually agreed to."

{¶24} The handwritten portion of the written plea agreement states, "The parties agree *to recommend* that the defendant be on community control sanctions; if however, he violates he will get maximum time." (Emphasis added: "to recommend" was interlineated.) Appellant and defense counsel initialed below the note; the prosecutor initialed next to the interlineation of "to recommend."

{¶25} Appellant asserts he signed the written plea agreement before "to recommend" was added to the handwritten note. In support, appellant relies on his own affidavit attached to his merit brief on appeal.

{¶26} "Pursuant to App.R. 12(A)(1)(b) an appellate court is 'confined to the record that was before the trial court as defined in App.R. 9(A).'" *State v. Corbissero*, 11th Dist. Ashtabula No. 2011-A-0028, 2012-Ohio-1449, ¶49, quoting *In re Adoption of Sartain*, 11th Dist. Lake No. 2001-L-197, 2002 WL 448434, *2 (Mar. 22, 2002), citing *Lamar v. Marbury*, 69 Ohio St.2d 274, 277 (1982). "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." App.R. 9(A)(1). "The composition of the record is particularly important, because the appellant bears the burden of demonstrating errors by reference to the matters existing therein." *Akro-Plastics v. Drake Indus.*, 115 Ohio App.3d 221, 225 (11th Dist.1996), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶27} The affidavit attached to appellant's brief on appeal is de hors the record, and we may not consider it in determining his appeal. Appellant fails to substantiate his

assigned error with any reference to the trial court record, and our review of the trial court record reveals no evidence to support the allegation.

**{¶28}** Appellant's third assignment of error is without merit.

**{¶29}** Appellant's fourth assignment of error states:

**{¶30}** "The State did not honor the terms of the plea agreement and never recommended community control sanctions and specifically via their merger argument argued the factors in favor of a prison sentence in this case."

**{¶31}** "A plea agreement is an essential part of the criminal justice system. * * * A defendant has a contractual right to enforcement of the prosecutor's obligations under the plea agreement after the plea has been accepted by the court." *State v. Adams*, 7th Dist Mahoning No. 13 MA 54, 2014-Ohio-724, ¶17 (internal citation omitted), citing *Santobello v. New York*, 404 U.S. 257, 261 (1971).

**{¶32}** Appellant argues the state breached its agreement to recommend community control sanctions by arguing factors in favor of a prison sentence. Appellant did not raise this argument at his sentencing hearing.

**{¶33}** "[W]here a defendant fails to object at sentencing to the state's recommendation, the appellate court proceeds under a plain error review." *Id.* at ¶23, citing *State v. Hansen*, 7th Dist. Mahoning No. 11 MA 63, 2012-Ohio-4574, ¶15, citing *Puckett v. United States*, 556 U.S. 129 (2009). "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Plain error exists when a defendant's sentence would have been different absent a prosecutor's breach of a plea agreement. *See Adams*, *supra*, at ¶25, citing *Hansen*, *supra*, at ¶15.

11

{¶34} Here, there was no error, let alone plain error, because the state did not breach its agreement to recommend community control sanctions. The written plea agreement provided the parties would jointly recommend to the trial court that appellant should be sentenced to community control sanctions. The state acknowledged this agreement at both the plea hearing and the hearing on appellant's motion to withdraw plea. At the sentencing hearing, the trial court did not ask the state to orally recite that recommendation. Instead, the trial court acknowledged the plea agreement but stated other issues also needed to be discussed. One of those issues was merger of the amended counts as allied offenses. In support of its argument that the amended counts should not merge, the prosecutor outlined the elements of each. Appellant concedes this was done for the purpose of the merger argument but asserts it also amounted to the prosecution outlining R.C. 2929.12(B) factors in support of a prison sentence.

{¶35} Any correspondence between elements of the crime argued for the purpose of merger and the consideration of sentencing factors, without more, does not support the conclusion that the state breached its agreement to recommend community control sanctions. There is no evidence in the record that the state failed to comply with the recommendation in the plea agreement. Further, even if there had been a breach, appellant has failed to show that his 36-month prison sentence would have been any different absent that breach.

{¶36} Appellant's fourth assignment of error is without merit.

**Motion to Withdraw Plea**

{¶37} Appellant's second assignment of error states:

{¶38} "The court erred by not allowing Mr. Cupp to withdraw his plea prior to the sentencing."

**{¶39}** Appellant first argues the trial court applied the wrong legal standard to his motion to withdraw his guilty plea.

**{¶40}** "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. Motions to withdraw guilty pleas prior to sentencing are to be allowed freely and liberally. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). The right to withdraw a plea is not, however, absolute. *State v. Prinkey*, 11th Dist. Ashtabula No. 2010-A-0029, 2011-Ohio-2583, ¶5, citing *Xie*, *supra*, at paragraph one of the syllabus.

**{¶41}** In its entry overruling appellant's motion to withdraw plea, the trial court stated, "withdrawal of a guilty plea prior to sentencing should be granted upon a less stringent standard than post sentence" and "[n]ot every pre-sentence motion to withdraw plea is subject to withdrawal." These are both accurate statements of law regarding pre-sentence motions to withdraw. Appellant's first argument is not well taken.

**{¶42}** An appellate court reviews a trial court's decision regarding a motion to withdraw a guilty plea for an abuse of discretion. *Prinkey*, *supra*, at ¶7 (citation omitted). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

**{¶43}** In evaluating whether a trial court properly exercised its discretion in ruling on a pre-sentence motion to withdraw a guilty plea, this court applies the four-factor test pronounced in *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist.1980). *See, e.g.*, *State v. Field*, 11th Dist. Geauga No. 2011-G-3010, 2012-Ohio-5221, ¶11, and *State v.*

13

*Johnson*, 11th Dist. Lake No. 2007-L-195, 2008-Ohio-6980, ¶21. A trial court does not abuse its discretion in overruling a motion to withdraw when (1) the defendant was represented by competent counsel; (2) the defendant was afforded a full plea hearing, pursuant to Crim.R. 11; (3) the defendant was provided a complete and impartial hearing on the motion to withdraw; and (4) the trial court gave full and fair consideration to the request. *Peterseim*, *supra*, at paragraph three of the syllabus.

**{¶44}** Appellant's next arguments relate to the third and fourth *Peterseim* factors. First, he argues the trial court failed to conduct a full hearing on his motion to withdraw plea because there was "no proffer of evidence, no testimony, or any other hallmarks of a full hearing."

**{¶45}** "[T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Ziefle*, 11th Dist. Ashtabula No. 2007-A-0019, 2007-Ohio-5621, ¶9, citing *Xie*, *supra*, at paragraph one of the syllabus.

**{¶46}** The transcript of the hearing held on appellant's motion to withdraw plea indicates the hearing was complete and impartial. At the outset of the hearing, the trial court stated it was "going to entertain argument and/or the proffering of evidence on the part of the defense, inasmuch as it is the defense motion." Defense counsel proceeded to argue the merits of appellant's motion to withdraw plea, and the prosecutor responded in turn. The trial court then stated, "[a]s the moving party, you get the last word," and again gave the floor to defense counsel for rebuttal. Before concluding, the trial court stated, "All right. Is there anything else for the record before the Court adjourns the hearing, State of Ohio? Or defense?" The state declined, and defense counsel stated, "Nothing at this time, your Honor."

14

**{¶47}** Nothing in the record supports appellant's assertion that the trial court denied him the opportunity to present evidence or testimony at this hearing. The record entirely supports the contrary conclusion. This argument is not well taken.

**{¶48}** Appellant next argues the trial court did not give full and fair consideration to the basis for his motion to withdraw plea, namely that the trial court "tipped its hand when it did not reduce bond as recommended in the plea agreement, thus triggering the defendant's opportunity to withdraw a plea if the court is already not going to follow the agreement."

**{¶49}** In its entry overruling the motion to withdraw plea, the trial court stated: "While he may have expected to be let out on bond pending sentencing (now that his Municipal Court sentences have been served) the expectation was unwarranted. There is nothing in the plea agreement regarding a bond reduction. Defendant's bond was set at $400,000.00 prior to plea and was revoked pending sentencing." There is no mention of a bond reduction in the written plea agreement, and defense counsel agreed at the plea hearing that bond could be discussed at a later date. Thus, the trial court correctly concluded, after full and fair consideration, that there was no reasonable and legitimate basis for appellant's motion to withdraw plea. The contrary assertion is also belied by the fact that appellant later filed a motion to withdraw his motion to withdraw plea. The record is devoid of any evidence to support appellant's argument.

**{¶50}** Appellant's second assignment of error is without merit.

**Jail-Time Credit**

**{¶51}** Appellant's first assignment of error states:

15

{¶52} "The court erred by not awarding jail time credit that defendant served after he was arrested and the bond in this case was increased to $400,000 and subsequently revoked at sentencing."

{¶53} "We review the trial court's determination as to the amount of credit to which [a defendant] is entitled under the 'clearly and convincingly' contrary to law standard." *State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, ¶15, quoting R.C. 2953.08(G)(2); *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1.

{¶54} The calculation of jail-time credit is governed by R.C. 2967.191: "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." It is the trial court's obligation at the time of sentencing, however, to "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *." R.C. 2929.19(B)(2)(g)(i).

{¶55} "'Although the principle of crediting time served seems fairly simple on its face, in practice, it can be complicated when, inter alia, the defendant is charged with multiple crimes committed at different times, or when the defendant is incarcerated due to a probation violation.'" *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶41, quoting *State v. Chafin,* 10th Dist. Franklin No. 06AP-1108, 2007-Ohio-1840, ¶9.

{¶56} The trial court awarded appellant 58 days of jail-time credit, which reflects the 55 days between July 30, 2016, the day after his municipal court sentence was

16

completed, and September 22, 2016, the day he was sentenced in the case sub judice. He was also awarded 3 days for time he apparently served between his arrest in the case sub judice and the day he was sentenced in the municipal court case.

{¶57} Appellant now argues he should have been awarded jail-time credit in the case sub judice from August 7, 2015, the day the trial court imposed a $400,000.00 bond, through September 22, 2016, the day he was sentenced. Although he was confined for the municipal court probation violation, appellant argues he still would have remained incarcerated in lieu of bail on the instant offense. Appellant asserts he is properly entitled to jail-time credit in both courts, as both courts were holding him.

{¶58} In support, appellant relies on a recent opinion from this court, *State v. Caccamo*, 11th Dist. Lake No. 2015-L-048, 2016-Ohio-3006, which relied on the Ohio Supreme Court's opinion in *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856.

{¶59} The defendant in *Fugate* was indicted on two felony offenses while serving community control sanctions on a previous offense. While in jail on the felony charges, the probation department sought to revoke the defendant's community control on the previous offense. At the sentencing hearing, which addressed the felony charges and the community control violation, the trial court imposed concurrent prison terms. The trial court awarded jail-time credit on the sentence imposed for the community control violation but not for the felony offenses. The defendant appealed, arguing the trial court should have awarded jail-time credit on both sentences. The Ohio Supreme Court agreed with the defendant: "When a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Fugate*, *supra*, at syllabus.

{¶60} The majority opinion in *Caccamo* relied on the *Fugate* holding. The defendant in *Caccamo* was sentenced by the Lake County Court of Common Pleas to 150 days in the Lake County Jail and 2 years community control. While serving his community control, the defendant was arrested on a separate offense and held in the Cuyahoga County Jail, for which he was sentenced to 8 months in prison by the Cuyahoga County Court of Common Pleas. As a result of his arrest in Cuyahoga County, the state moved to terminate the community control sanctions in Lake County, and the defendant was transferred from the state prison to county jail to await his termination hearing. The Lake County Court of Common Pleas sentenced the defendant to 26 months in prison on the community control violation, to be served concurrently with the remainder of his 8-month prison term in Cuyahoga County. The Lake County Court of Common Pleas credited the defendant with 33 days, which represented 12 days he was held prior to pleading guilty in the underlying Lake County case and 21 days he was held in the county jail awaiting his hearing and sentencing for violating community control in the Lake County case.

{¶61} The defendant appealed, arguing the trial court erred in its calculation of jail-time credit because his confinement in Cuyahoga County was based upon the alleged community control violation in Lake County. The majority opinion agreed because the Lake County Court of Common Pleas ordered its sentence be served concurrently with the Cuyahoga County sentence and because the offense in Cuyahoga County was the basis for the community control violation holder issued by Lake County. The majority held:

> In attempting to distinguish *Fugate*, some appellate courts have concluded that the *Fugate* analysis should not be followed when the concurrent prison terms are imposed by different trial courts at

18

different times. *See, e.g., State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-06, 2009-Ohio-4633, ¶23. However, given that the existence of the holder justifies appellant's continuing incarceration had the Cuyahoga County charge been dismissed, the foregoing distinction is unpersuasive because it would defeat the underlying principle that a defendant is entitled to credit for all presentencing incarceration based upon the pending charges in the underlying case. Since appellant's confinement in the Cuyahoga County Jail was predicated in part upon the [underlying] charges in Lake County, he is entitled to jail-time credit for the days from January 22, 2014 [when the Lake County arrest warrant was issued] until April 21, 2014 [when the Lake County arrest warrant was executed].

*Caccomo*, *supra*, at ¶18.

{¶62} The facts of appellant's case are distinguishable from both *Fugate* and *Caccomo*. Unlike *Fugate*, appellant was not sentenced to concurrent terms for multiple offenses at the same time by the same court. Unlike *Caccomo*, appellant was not sentenced to concurrent terms for related offenses in different cases, at different times, by different courts. Appellant was never ordered to serve concurrent prison terms: he had already completed his sentence on the municipal court probation violation prior to being sentenced on the common pleas felony case. Thus, the sentences could never have been served simultaneously.

{¶63} The outcome of appellant's challenge to the trial court's legal determination of jail-time credit turns entirely upon the controlling language in R.C. 2967.191. "Under the plain terms of R.C. 2967.191, an offender is only entitled to credit for time spent incarcerated relating to the offense for which he is convicted." *State v. Ashley*, 11th Dist. Lake No. 2006-L-134, 2007-Ohio-690, ¶32.

{¶64} Although appellant was already being held on the municipal court case, the trial court increased appellant's bail for the instant offense to $400,000.00 on August 7, 2015. Thus, because appellant did not post bond, he has been incarcerated related

19

to the instant offense since August 7, 2015. Appellant was sentenced on September 22, 2016, but the trial court only gave credit from July 30, 2016, the day after his municipal court sentence was completed. The plain language of the statute requires the trial court to give jail-time credit from August 7, 2015, through September 22, 2016, in addition to the three days appellant was held between his arrest and the day he was sentenced in the municipal court case.

{¶65} The trial court's determination as to the amount of credit to which appellant was entitled is clearly and convincingly contrary to law.

{¶66} Appellant's first assignment of error is with merit.

{¶67} The judgment of the Geauga County Court of Common Pleas is hereby affirmed in part and reversed in part. This matter is remanded for the purpose of revising the sentencing entry to reflect the correct jail-time credit as set forth herein.

THOMAS R. WRIGHT, J., concurs,

CYNTHIA WESTCOTT RICE, P.J., concurs in part and dissents in part, with a Dissenting Opinion.

_____

CYNTHIA WESTCOTT RICE, P.J., concurs in part and dissents in part, with a Dissenting Opinion.

{¶68} While I concur with the majority's disposition of appellant's second, third, and fourth assignments of error, I disagree with its conclusion relating to appellant's first assignment of error. The majority maintains that appellant is entitled to jail-time credit from August 7, 2015 through September 22, 2016 because the trial court increased his bail in the underlying offense to $400,000 and he did not post bond. In effect, the

20

majority reasons that, even though appellant was being held on a separate, municipal court charge between August 7, 2015 and June 29, 2016, the increased bond in the instant case supports the conclusion that his confinement arose out of the instant offense. I respectfully dissent.

{¶69} Appellant was confined in the Geauga County Jail from August 7, 2015 through June 29, 2016 for sentences arising out of probation violations in the Chardon Municipal Court where he was previously convicted of an unrelated domestic violence offense. It is not entirely clear how the offenses which occasioned the probation violations are related to the underlying offense. And simply because the time served for these offenses ran concurrently with the pre-detention phase of the instant case does not automatically trigger jail-time credit for the instant case. *State v. Moore*, 11th Dist. Ashtabula No. 2015-A-0069, 2016-Ohio-3510 illustrates the point.

{¶70} In *Moore*, the defendant was granted judicial release from a term of imprisonment in Ashtabula County. A request for capias was later filed by the Ashtabula County Adult Probation Department based on the defendant's failure to comply with the terms of his probation. At that time, he was incarcerated in the Lake County Jail awaiting sentencing on other charges. The defendant served a nine-month sentence for the Lake County convictions before he was brought to Ashtabula County for the probation violation. Ashtabula County found the defendant violated his probation by pleading guilty to felony offenses in Lake County *and* by failing to report to probation. The defendant argued he was entitled to jail-time credit in Ashtabula County for the entire nine months he served in Lake County because the capias was pending during that time.

21

**{¶71}** A hearing was held on the jail-time credit issue, at which defense counsel presented a judgment of conviction from Lake County that did not reference the capias or the probation violation. Counsel argued the defendant would not have been permitted to get out of jail even if he posted bond in Lake County because of the capias. The trial court disagreed with the defendant's position and denied his motion.

**{¶72}** On appeal, this court affirmed the trial court observing there was no relationship between the charges at issue and there was no evidence that Ashtabula County issued a holder. Further, the judgment ordering a capias to issue was not served on the defendant until he was released from Lake County. Also there was no evidence Lake County was informed the defendant should be held on the probation violation and the defendant did not argue such evidence was part of the record. *Id.* at ¶22. This court pointed out:

**{¶73}** "[J]ail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced." *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417, ¶11. "R.C. 2967.191 is inapplicable when the offender is imprisoned as a result of another unrelated offense," and "there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter." *Id. Moore*, *supra*, at ¶18.

**{¶74}** This court accordingly held:

**{¶75}** "While the Lake County convictions provided part of the basis for Moore's probation violation, in addition to his failure to report, this does not create a relationship with the original underlying charges requiring jail-time credit. Moore was ordered to serve his original term for the underlying [Ashtabula County] convictions, which are

22

unrelated to the Lake County convictions for which Moore served nine months." *Id.* at ¶19, citing *State v. Olmstead*, 5th Dist. Richland No. 2007-CA-119, 2008-Ohio-5884, ¶19 (jail-time credit for an arrest on a probation violation "can only be credited toward the sentence on the original charge, i.e., the one for which he was sentenced to probation").

{¶76} In this case, there is no evidence in the record that the underlying felony offense provided any basis for appellant's probation violation in the municipal court. Appellant has not established any relationship between the offenses such that additional jail-time credit should be awarded. The only probation violations mentioned in the hearings below were testing positive for cocaine and morphine and failing to comply with no-contact orders. Appellant's time served on the original term in the municipal court (due to probation violations) ran concurrently during the pre-detention phase of the felony offenses, but ended before he was sentenced on the felony offenses. Accordingly, appellant did not establish the offenses were in any way related. I would find appellant's first assignment of error without merit. In this regard, I dissent.