French, J., dissenting.
{¶ 31} Respectfully, I dissent.
{¶ 32} I agree with the lead opinion that this case is not moot. But in my view, a convicted defendant is entitled to jail-time credit for time spent incarcerated due to his inability to pay bond even if he was serving a sentence on an unrelated case at the same time. I would answer the certified-conflict question in the affirmative and affirm the judgment of the Eleventh District Court of Appeals.
{¶ 33} When statutory language is unambiguous, we need not resort to rules of statutory interpretation-we simply apply the language. Sears v. Weimer , 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus. Here, we look to the language of former R.C. 2929.19(B)(2)(g)(i),[1] 2012 Am.Sub.S.B. No. 337, *214 which required a trial court to "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced ." *817 (Emphasis added.) The statute's language is unambiguous. It tells the trial court to calculate and award jail-time credit for time spent confined for "any reason" arising out of the offense. It does not say that credit shall not be given if the defendant was serving a sentence imposed in a different case at the same time.
{¶ 34} R.C. 2967.191 is also instructive. That statute says what the Department of Rehabilitation and Correction must do upon receiving the trial court's sentencing entry awarding jail-time credit: the department "shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial. " (Emphasis added.) Id. The statute unambiguously instructs the department to reduce the defendant's sentence by the amount stated in the sentencing entry. And it specifically includes credit for time spent in confinement due to the defendant's inability to make bond. Neither former R.C. 2929.19(B)(2)(g)(i) nor R.C. 2967.191 includes any exception to that instruction, let alone one limiting jail-time credit because the defendant was serving a sentence imposed in another case.
{¶ 35} When the trial court increased Cupp's bond to $400,000 on August 7, 2015, Cupp became confined for a reason arising out of the offense -he could not afford the $400,000 bond. While it is true that Cupp was incarcerated on a separate community-control violation prior to August 7, 2015, and could not have been released if he were able to pay bond, it is equally true that his high bond caused his incarceration in this case. Applying former R.C. 2929.19(B)(2)(g)(i)'s plain language, it is of no consequence that " '[t]here is no evidence in the record that the underlying felony offense provided any basis for [Cupp's] probation violation in the municipal court.' " (Brackets added.) Lead opinion at ¶ 22, quoting 2017-Ohio-7948, 98 N.E.3d 738, ¶ 76 (Rice, J., dissenting). The separate orders of confinement need not be related. What is important is that Cupp was confined for a reason arising out of his offenses in this case.
{¶ 36} The state complains that the Eleventh District's interpretation of former R.C. 2929.19(B)(2)(g)(i) creates an absurd result because it gives defendants such as Cupp "double credit." Although former R.C. 2919.19(B)(2)(g)(i) is unambiguous, there are other indicia in Ohio law supporting the lower court's interpretation. For instance, R.C. 2929.41 is Ohio's general statute prescribing when a trial court must order sentences to be served concurrently and when it may order them to be served consecutively. It shows a strong presumption in favor of concurrent sentences, which necessarily involve "double credit."
*215 R.C. 2929.14(C)(4) authorizes a court to order a defendant to serve sentences for felony offenses consecutively, but it requires the court to make specific findings before it can do so. State v. Bonnell , 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. It is not at all unusual for Ohio defendants to receive "double credit." The state's argument that it would be absurd to conclude that the General Assembly intended "double credit" in the jail-time-credit context is a nonstarter.
{¶ 37} This court's decision in State v. Fugate , 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, is also helpful. In that case, we observed that equal-protection principles lie at the foundation of Ohio's jail-time-credit scheme:
The practice of awarding jail-time credit, although now covered by state statute, has its roots in the *818 Equal Protection Clauses of the Ohio and United States Constitutions. Recognizing that the Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status, the United States Supreme Court has repeatedly struck down rules and practices that discriminate against defendants based solely on their inability to pay fines and fees.
Id. at ¶ 7, citing Griffin v. Illinois , 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) ; Williams v. Illinois , 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) ; and Tate v. Short , 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). We noted that Ohio's jail-time-credit scheme ensures equal protection for defendants who cannot afford bond by reducing their sentences by an amount of time equal to that which they spent incarcerated before conviction. Id. at ¶ 11. Because the failure to give full credit for pretrial confinement violates a defendant's right to equal protection, it is not surprising that the General Assembly included the broad "any reason arising out of the offense" language when it crafted former R.C. 2919.19(B)(2)(g)(i) and 2967.191. "Double credit" is better than too little.
{¶ 38} If the General Assembly intended a defendant to receive jail-time credit only if he is not serving a separate sentence at the same time, it could have said so. In my view, it said the opposite.
{¶ 39} For all these reasons, I would answer the certified-conflict question in the affirmative and affirm the judgment of the Eleventh District Court of Appeals.

R.C. 2929.19 was amended as of October 29, 2018. The relevant language from former R.C. 2929.19(B)(2)(g)(i) is now contained in R.C. 2929.19(B)(2)(f)(i). 2018 Am.Sub.S.B. No. 66.